IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY D. TRUJILLO,

        Plaintiff,

vs.                                            No. CIV 95-1303 BB/LFG

CITY OF ALBUQUERQUE,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

On January 21, 1998, the United States Court of Appeals for the Tenth Circuit issued its order and judgment affirming the District Court's dismissal of Plaintiff Jeffrey D. Trujillo's ("Trujillo") claims against individual defendants and dismissal of Trujillo's claims against the City of Albuquerque ("City") on tort, contract and disability discrimination theories [Doc. 56]. The District Court had also dismissed Trujillo's Title VII employment discrimination claim on the basis that the complaint was untimely filed. The Tenth Circuit reversed and remanded that portion of the District Court's decision. There were conflicts concerning the date of filing, and the Circuit remanded the issue to the District Court to resolve the conflicts and to determine the correct filing date. It was undisputed that Trujillo received his right-to-sue letter on July 21, 1995. Pursuant to 42 U.S.C. § 2000e-5(f)(1), Trujillo had 90 days from receipt of the notice in which to file suit. If the Complaint was filed on or before October 30, 1995, it is timely; if filed subsequent to October 30, 1995, it is untimely.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed by close of business on June 8, 1998, no appellate review will be allowed.

Subsequent to issuance of the Circuit's order of remand, the District Court issued an Order of Reference [Doc. 59].  This order directed the Magistrate Judge to conduct an evidentiary hearing, perform legal analysis as required and to recommend to the Court an ultimate disposition.  In accord with the district's Order of Reference, an evidentiary hearing was conducted on May 19, 1998.  The Court heard the testimony of the parties and considered the exhibits introduced into evidence, and based on the evidence presented, makes the following proposed findings of fact and conclusions of law

### Findings of Fact

1.  Court clerks are trained to be helpful and to provide general assistance and information to pro se litigants so as to make access to the courts more understandable and less intimidating.  Clerks, however, do not provide any legal advice nor do they perform any analysis concerning the legal sufficiency of any pleading submitted for filing.

2.  The clerks will receive for filing pleadings submitted by pro se litigants, whether or not the pleadings are in proper form and whether or not a litigant pays the filing fee.

3.  Clerks provide pro se litigants with an information packet containing information on the general procedures that a litigant must follow .  The information packet includes instructions on how to draft and file a complaint and how to obtain a waiver of a filing fee.  The packet also contains information relevant to pro se representation and admonishes a pro se litigant concerning the litigant's conduct and compliance with rules.  In addition to the instruction sheet and information on general procedures, the packet provided pro se litigants includes a sample 42 U.S.C. § 1983 complaint, an application to proceed in forma pauperis, forms of summons, requests for waiver of service of process, and a request form for the U.S. Marshal to serve process.

4. In addition to the information packet provided to pro se litigants, court clerks also provide a pro se litigant with a copy of the district's local rules of procedure and provide information on where and how a litigant can obtain access to the Federal Rules of Civil Procedure.

5. On or prior to October 27, 1995, Trujillo went to the office of the Clerk of Court to obtain information.

6. The clerk advised Trujillo of the complaint filing process, of the filing fee and provided information on how he could waive the filing fee by submitting the application to proceed in forma pauperis. The clerk provided Trujillo with the pro se litigation information packet, together with a copy of the local rules.

7. While Trujillo may have had a complaint with him, he did not present any document for filing on that day nor did he tender any form of complaint. Indeed, had he presented any document or tendered any complaint, whether or not it was in proper form, it would have been accepted for filing. In the absence of Trujillo's submission of a complaint, or of a document for filing, there was no actual or constructive filing.

8. On October 27, 1995, Trujillo completed the application for fee waiver, but did not submit the application or complaint to the court for filing on that date.

9. Trujillo read the district's local rules, specifically D.N.M.LR-Civ 5.1, 5.2, 5.2(a) and 6. Based on his reading of the rules, specifically Rule 6 (which provides for computation of time when service is accomplished by mail), Trujillo believed that three additional days could be added on to the time limit for filing suit because he had received the EEOC's right-to-sue letter by way of mail.

10. Trujillo misunderstood Rule 6. That rule does not expand the time within which he was authorized to file his Title VII lawsuit, notwithstanding the fact that he received the right to-sue-letter

3

by way of U.S. mails. Trujillo received his right-to-sue letter on July 31, 1995. Consequently, the deadline for timely filing his Title VII lawsuit was on or before October 30, 1995.

11. Because of Trujillo's erroneous assumption that he would have additional time to file suit, he did not file his complaint within ninety days of receipt of his right-to-sue letter.

12. Trujillo did not file his Title VII lawsuit on or before October 30, 1995. Rather, on October 31, 1995, Trujillo presented his Complaint to the Clerk of Court, and it was accepted for filing, even though the filing fee had not been paid.

13. Trujillo's Complaint was not timely filed.

14. The Clerk of the Court did not refuse to accept Trujillo's complaint for filing.

15. The Clerk of the Court did not mislead or misinform Trujillo concerning any matter. No action by the clerk served to lull Trujillo into a false sense of belief that his complaint could not be filed if it was not in proper format or if he lacked a filing fee.

16. Trujillo was not the victim of any false representation by the Court, any agency or by the putative defendant concerning complaint filing procedures or requirements.

17. Because no pleading was tendered to the Clerk of Court prior to October 31, 1995, there is no basis to determine that the Complaint was actually or constructively filed in a timely fashion.

## Conclusions of Law

1. The ninety-day filing limit is not jurisdictional, but is a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857 (10th Cir. 1983).

2. No question of waiver or estoppel is present under these facts. Jarrett v. U.S. Sprint Comm. Co., 22 F.3d 256 (10th Cir.), *cert. denied* 513 U.S. 951 (1994).

3.  In the absence of the clerk's active deception concerning procedural filing requirements, there is no basis to impose equitable tolling of the filing deadline.

4.  Trujillo's complaint, filed on October 31, 1995, is untimely.

## Recommended Disposition

That Trujillo's Title VII claim be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
Jeffrey D. Trujillo, pro se

COUNSEL FOR DEFENDANT:
Victor E. Valdez, Esq.

5